21-185-cr
*United States v. Roman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-two.

PRESENT:     JOSÉ A. CABRANES,
             GERARD E. LYNCH,
             DENNY CHIN,
                         *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

        v.                                         21-185-cr

ANTHONY ROMAN, AKA Tone,

        *Defendant-Appellant,*

PAUL BARRY, AKA Bucka & TIANA WILLIAMS,

        *Defendants.*[*]

---

[*]    The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:                                    Dina McLeod & Danielle R. Sassoon,
                                                 Assistant United States Attorneys, *for*
                                                 Audrey Strauss, United States Attorney
                                                 for the Southern District of New York,
                                                 New York, NY

FOR DEFENDANT-APPELLANT:                          Karloff Cylton Commissiong, Adams &
                                                 Commissiong LLP, New York, NY

Appeal from an order, entered January 15, 2021, by the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 15, 2021 order of the District Court be and hereby is **AFFIRMED**.

Defendant Anthony Roman appeals the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Roman, who was convicted in 2016 of firearms trafficking and possession of a firearm in connection with a narcotics offense, is currently serving a 90-month sentence of imprisonment. On January 15, 2021 — after Roman submitted his Section 3582(c)(1)(A) motion, the Government filed an opposition, and Roman submitted a reply — the District Court denied the motion by written order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(1)(A)(i) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." A district court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "[E]xtraordinary and compelling reasons are necessary — but not sufficient — for a defendant to obtain relief under § 3582(c)(1)(A)" because "a district court must also consider the factors set forth in section 3553(a) before granting relief." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (internal quotation marks omitted).

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

On appeal, Roman raises two arguments, neither of which is convincing. First, Roman points to the fact that his co-defendant, Paul Barry, received a sentence of imprisonment of 70 months, *i.e.*, 20 months shorter than Roman's sentence. He argues that his sentence was both procedurally and substantively unreasonable in that the District Court failed to consider the "sentencing disparity" between Roman and his co-defendant. Def.'s Br. 10-11. But "there is no requirement that a district court consider or explain sentencing disparities among codefendants." *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) (per curiam). And, in any event, the District Court explicitly *did* address the distinction between Roman and Barry at sentencing, noting that unlike Barry, who was convicted only of firearm trafficking, Roman "also was using and possessing firearms in connection with selling drugs." App'x 45. Moreover, insofar as Roman argues that the District Court failed to expressly articulate one of the statutory factors when denying his Section 3582(c)(1)(A) motion, *see* 18 U.S.C. § 3553(a)(6), we have made clear that "[a]bsent record evidence suggesting the contrary, we presume that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors, and have steadfastly refused to require judges to explain or enumerate how such consideration was conducted," *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015) (cleaned up). In short, the fact that the District Court did not discuss Barry's sentence in denying Roman's Section 3582(c)(1)(A) motion is of no moment.

Equally unpersuasive is Roman's second argument: that the District Court failed to consider his individual "history and circumstances." Def.'s Br. 12. Quite the opposite, the District Court expressly considered "all the . . . section 3553(a) factors, including . . . Roman's history and characteristics." App'x 79. In his brief before us, Roman now emphasizes his difficult upbringing and other "classic mitigation factors." Def.'s Br. 12-15. In effect, Roman asks us to overturn the District Court's balancing of the Section 3553(a) factors. But our task is not to "consider what weight we would ourselves have given a particular factor," but rather to determine whether the factors relied upon by the District Court are able to "bear the weight assigned [them] under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191. Upon review of the record, we conclude that the District Court acted well within its discretion in denying Roman's motion.

We have considered all of Roman's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the January 15, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3