United States v. Almonte

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

_____

August Term, 2019

(Argued: February 19, 2020      Decided: March 5, 2020)

Docket No. 18-3769

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

VETTHYA ALCIUS, AKA THEIYA COLE, DAWITT DYKES, AKA DAWEEZY, AKA
DAWEZZY, MARIA MAGDALENA ALMONTE, DARLENE DELEON, GABRIELY M. JOSE,
AKA GABRIELA VUITTON, AKA GABBY,

*Defendants*,

MARIA SOLY ALMONTE, AKA SOLY ALMONTE, AKA SOLY LA FUERTE, AKA SOSO, AKA
SOSO WAVY, AKA SOLY MONTANA,

*Defendant-Appellant*.

_____

B e f o r e:

KATZMANN, *Chief Judge*, KEARSE and BIANCO, *Circuit Judges.*

————————

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*), sentencing defendant-appellant Maria Soly Almonte, after her conviction on five counts related to sex trafficking, to 20 years' imprisonment, to be followed by five years of supervised release. Almonte argues that the district court's sentence was procedurally unreasonable because the district court considered her false testimony at trial as a § 3553(a) factor without finding that she qualified for an adjustment for obstruction of justice under § 3C1.1 of the Sentencing Guidelines. However, the government did not request such an adjustment, and the presentence report, which neither party objected to, did not recommend one. We hold that the fact that there has been no suggestion that the defendant's false testimony warrants a Guidelines adjustment does not impede the court's consideration of that false testimony in determining an appropriate sentence in accordance with § 3553(a). Almonte also argues that her sentence was substantively unreasonable and that there was insufficient evidence to support her conviction on one count, but we find both these arguments meritless. Accordingly, we **AFFIRM** the judgment of the district court.

————————

Bruce R. Bryan, Esq., Bryan Law Firm, Syracuse, NY, *for Defendant-Appellant.*

Stephanie Lake, Assistant United States Attorney (Alison Moe, Anna M. Skotko, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

————————

2

PER CURIAM:

Defendant-appellant Maria Soly Almonte appeals from an amended judgment of conviction by the United States District Court for the Southern District of New York (Wood, *J.*), after a jury found her guilty of (1) conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. § 1594(c); (2) sex trafficking of a minor who was less than 14 years old, in violation of 18 U.S.C. § 1591(a) and (b)(1); (3) sex trafficking of a minor who was between 14 and 17 years old, in violation of 18 U.S.C. § 1591(a) and (b)(2); (4) use of interstate commerce to promote unlawful activity, in violation of 18 U.S.C. § 1952(a)(3); and (5) conspiracy to use interstate commerce to promote unlawful activity, in violation of 18 U.S.C. § 371.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Motion for a Judgment of Acquittal

Almonte argues that the district court erred in denying her Federal Rule of Criminal Procedure 29 motion for acquittal with respect to Count Two, sex trafficking of a minor who was less than 14 years old, as the evidence presented at trial was insufficient to sustain her conviction on this count. This Court reviews a district court's denial of a Rule 29 motion addressing the sufficiency of the

evidence *de novo*. *United States v. Klein*, 913 F.3d 73, 78 (2d Cir. 2019). "A defendant bears a heavy burden because we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Pierce*, 785 F.3d 832, 838 (2d Cir. 2015).[1] "We will sustain the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (emphasis in original).

Almonte's sole argument for acquittal on Count Two is that the government failed to introduce sufficient evidence to establish that she had a "reasonable opportunity to observe" the victim who was under 14 years old ("JF"). Title 18, United States Code, Section 1591(c) provides that, if the defendant engaged in a sex trafficking act listed in Section 1591(a)(1) involving a victim under 18 years old, the government need not prove that the defendant knew or recklessly disregarded the victim's age as long as it proves that "the defendant had a reasonable opportunity to observe" the victim. 18 U.S.C. § 1591(c). We have held that this provision "imposes strict liability with regard to the defendant's awareness of the victim's age, thus relieving the government's usual burden to prove knowledge or

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

reckless disregard of the victim's underage status under § 1591(a)." *United States v. Robinson*, 702 F.3d 22, 26 (2d Cir. 2012). Therefore, contrary to Almonte's arguments, it is irrelevant whether she could infer that JF was under 14 years old from their interactions. Almonte relies on *Robinson* to argue that a "reasonable opportunity to observe" requires evidence of a more extensive personal relationship between the defendant and victim than was presented in this case. But, as Almonte herself acknowledges, in *Robinson*, we noted that merely "personally confronting an underage victim may suffice to show reckless disregard of the victim's age." *Id*. at 32 n.9. The language Almonte cites from *Robinson*, describing extensive interactions with a minor victim, is a summary of the evidence presented in that case, not a statement of the minimum evidence required.

The evidence presented in this case was more than sufficient for the jury to conclude that Almonte had a reasonable opportunity to observe JF. It was undisputed at trial that Almonte met JF in person at least twice, and those interactions enabled Almonte to form her own assessment of JF's age: Almonte herself testified that she met JF in person twice and thought JF looked "pretty young." App'x at 410-11, 424. Two cooperating witnesses testified that Almonte

5

had a face-to-face discussion with JF, in which she described to JF how the prostitution business operated. One cooperating witness testified that, after this discussion, Almonte set up a commercial sexual encounter between JF, another minor, and Almonte's landlord, and that Almonte collected money from the two minors after the encounter.

Accordingly, we find that the district court did not err in denying Almonte's motion for an acquittal as to Count Two.

## II.    Reasonableness of Sentence

We review a district court's sentence for reasonableness, both as to the sentence itself and to the procedures employed in arriving at the sentence. *See United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc). "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017). As Almonte did not raise any procedural objections below, we review for plain error, although we do not apply the plain

6

error doctrine stringently in the sentencing context. *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012).

A. Procedural Reasonableness

Almonte argues that the sentence imposed by the district court was procedurally unreasonable because the district court improperly considered Almonte's false testimony at trial as a § 3553(a) factor without finding that Almonte qualified for a Guidelines adjustment for obstruction of justice under § 3C1.1 of the Sentencing Guidelines.[2] We disagree. While the sentencing court's threshold obligation – despite the fact that the Guidelines are advisory, not mandatory, *see United States v. Booker*, 543 U.S. 220 (2005) – is to determine the defendant's offense level and criminal history category in order to calculate what the advisory-Guidelines-recommended range of imprisonment would be, *see Gall v. United States*, 552 U.S. 38, 49 (2007), in the present case, the government did not request that Almonte's offense level be increased for obstruction of justice

---

[2] Under § 3C1.1 a district court may increase a defendant's offense level by two levels if it finds that the defendant committed perjury. *See* U.S.S.G. § 3C1.1 cmt. 4(B). If the defendant objects to application of this enhancement, the "district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition the Supreme Court has set out." *United States v. Thompson*, 808 F.3d 190, 194 (2d Cir. 2015).

pursuant to Guidelines § 3C1.1, the presentence report ("PSR") did not recommend such an adjustment, and neither party objected to the PSR recommendation. Almonte points to no authority suggesting that a sentencing judge may permissibly consider false testimony only as a Guidelines § 3C1.1 adjustment in the offense level, and we know of none. There are myriad guidelines dealing with various categories of offenses and with the personal conduct, characteristics, or circumstances of the defendant. There is no requirement that the court, in calculating the defendant's Guidelines-recommended range, *sua sponte* consider every conceivably applicable guideline.

In contrast, Title 18 provides that the sentencing court "*shall* consider," among other factors, the "characteristics of the defendant," 18 U.S.C. § 3553(a)(1) (emphasis added), and "*shall* impose a sentence *sufficient*, but not greater than necessary, to," *inter alia*, "*promote respect for the law*," *id*. § 3553(a)(2)(A) (emphases added). The defendant's commission of perjury in an effort to evade or minimize punishment for her crimes is clearly indicative of her lack of respect for the law and is a relevant consideration in determining what sentence is "'sufficient' under the circumstances." *United States v. Stewart*, 590 F.3d 93, 149 (2d Cir. 2009) (quoting 18 U.S.C. § 3553(a)(2)).

Title 18 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing the appropriate sentence." 18 U.S.C. § 3661. Accordingly, the fact that there has been no suggestion that the defendant's perjury warrants an increase in her advisory-Guidelines offense level does not impede the court's consideration of that perjury in determining an appropriate sentence in accordance with § 3553(a).

B. Substantive Reasonableness

Almonte also argues that the sentence imposed by the district court was substantively unreasonable, emphasizing the substantial mitigating factors in her case. This Court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We find error only if the sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States*

9

*v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011). "It is therefore difficult to find that a below-Guidelines sentence is unreasonable." *Id*.

While the mitigating factors in Almonte's case are significant, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). And here, the record clearly shows that the district court took the mitigating factors that Almonte raises on appeal into account in sentencing Almonte to 20 years' imprisonment, five years above the statutory minimum sentence of 15 years' imprisonment but well below the Guidelines sentence of life imprisonment. Almonte also argues that there was an unwarranted disparity between her sentence and her mother's sentence of 5 years' imprisonment. But her mother was not similarly situated at the time of sentencing: her mother had pled guilty to one count of use of interstate commerce to promote unlawful activity, while Almonte went to trial and was convicted of five counts, one of which carried a 15-year minimum sentence. Moreover, there is no requirement that a district court consider or explain sentencing disparities among codefendants. *See United*

10

*States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008).  Accordingly, we conclude that the

sentence the district court imposed was within the range of permissible decisions.

**CONCLUSION**

We have considered all of Almonte's remaining contentions on appeal and

have found in them no basis for reversal. Accordingly, the judgment of the district

court is **AFFIRMED**.