18-1417-cr
*United States v. Clinton*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

*Appellee,*                                    18-1417-cr

v.

JAMAL CLINTON, AKA MORELESS,

*Defendant-Appellant,*

MARCUS FISHER, AKA FISH, ROMELL HEARN, AKA RAH,
AKA MEL RECARDO LANGSTON, AKA GEEZY,
JONATHON JONES, EUNICE ALLEN, AKA NIECY,
JALEN ALLEN, AKA J SKRAP, EMILIANO ALONSO,
GUY CAIN, AKA G, MARC DOUGLAS, KEVIN DRAKE,
JOSE FRANCESQUINI, AKA FEATHER, GREG HARDY,
MARK HOWARD, AKA DOUBLE R, CORDAL JOHNSON,
AKA GHETTO PO, PHILLIP KEITH, AKA BEANS,
KAREEM MCFARLANE, AKA MANNY, ROBERT MEDLEY,
AKA BOB-O, MICHAEL MONSANTO, JR., AKA MB,
RYAN RIOS, AKA RY, DWAN SCAFE, AKA WEST,
DIONN SPENCER, AKA D, LEONARD VANDYKE,

AKA LENNY, DANIEL WILLIAMS, AKA LITE, KEISHA WILLIAMS,

*Defendants.*[1]

FOR APPELLEE:                          PAUL D. SILVER, Assistant United States
                                       Attorney *for* Grant C. Jaquith, United
                                       States Attorney for the Northern District
                                       of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:                JESSE M. SIEGEL, Law Office of Jesse M.
                                       Siegel, New York, NY.

Appeal from a May 9, 2018 judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Jamal Clinton ("Clinton"), appeals from a May 9, 2018 judgment of conviction following a guilty plea sentencing Clinton principally to a term of 210 months' imprisonment for conspiracy to possess with the intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Clinton challenges his sentence as both procedurally and substantively unreasonable. We address each of Clinton's arguments in turn.

### I. Procedural Reasonableness

Clinton argues his sentence is procedurally unreasonable because the District Court incorrectly concluded that Clinton's offense qualifies as a controlled substance offense under the career offender provisions of the Sentencing Guidelines, and because the District Court did not consider sentencing disparities between Clinton and those of his co-defendants who had a greater degree of culpability, or those who played a similar role to Clinton and had comparable criminal records.

---

[1] The Clerk of Court is directed to amend the official caption to conform to the above.

2

Because Clinton did not challenge the procedural reasonableness of his sentence before the District Court, we review for plain error. *See United States v. Carter*, 489 F.3d 528, 537 (2d Cir. 2007); *see also United States v. Marcus*, 560 U.S. 258, 262 (2010) (holding that an appellate court may reverse for plain error where "(1) there is an error; (2) the error is clear or obvious . . . ; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of proceedings" (internal quotation marks omitted)).

U.S.S.G. § 4B1.1(a) provides:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

If a defendant is determined to be a career offender according to Section 4B1.1(a), and the offense level is greater than otherwise would have applied, the offense level is determined in accordance with a table in Section 4B1.1(b) and the defendant's criminal history category is VI. *See* U.S.S.G. § 4B1.1(b). U.S.S.G. § 4B1.2(b) defines a controlled substance offense as:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

This definition includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n.1.

In *United States v. Tabb*, decided after Clinton filed this appeal, we held that a 21 U.S.C. § 846 conspiracy qualifies as a controlled substance offense for purposes of the career offender guideline. 949 F.3d 81, 89 (2d Cir. 2020); *see also United States v. Richardson*, 958 F.3d 151, 155 (2d Cir. 2020). In adhering to this precedent, we reject Clinton's arguments to the contrary. We also disagree with Clinton's contention that the District Court committed reversible error because it failed to consider sentencing disparities between Clinton and his co-defendants. We have repeatedly held that a district court is not required to consider such disparities. *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020); *see also United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6) requires a district court to consider nationwide sentencing disparities, but does not require a district court to consider disparities between co-defendants."). Nevertheless, we note that the District Court stated that it was "aware" of the arguments of defense counsel that the District

3

Court should consider Clinton's role in the conspiracy compared to that of his co-defendants in order to avoid sentencing disparities. *See* App'x 145. We therefore cannot conclude that the District Court erred, much less plainly so, in selecting the sentence it imposed.

## II. Substantive Reasonableness

Clinton argues that his sentence is substantively unreasonable in light of his "limited role" in the conspiracy as well as the sentences imposed on his co-defendants. We review a sentence's substantive reasonableness for abuse of discretion, "taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art"). We will vacate the sentence imposed by the district court only if permitting the sentence to stand would "damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123. Because a "sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," our review is necessarily deferential to the determination of the district court. *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc).

For a sentence to be substantively unreasonable, the defendant must show that the district court abused its discretion in finding that the sentence was supported by the factors in 18 U.S.C. § 3553(a). *See United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008); *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (noting that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances"); *see also United States v. Mumuni Saleh*, 946 F.3d 97, 107 (2d Cir. 2019) (remarking that "a sentence is outside the range of permissible decisions when it is manifestly unjust or when it shocks the conscience" (internal quotation marks omitted)).

We are not persuaded that Clinton's within-Guidelines sentence of 210 months—one-and-a-half months shy of the exact midpoint of the Guidelines range of 188 to 235 months—was substantively unreasonable based on the circumstances presented here. As observed by the District Court at sentencing, Clinton's criminal history spanned over two decades, the instant offense was Clinton's seventh felony drug conviction, and prior sentences of imprisonment had been insufficient in deterring Clinton from committing crimes. *See* App'x 153. Based on the record before us, we cannot conclude that the District Court abused its discretion with respect to the sentence imposed. Accordingly, we agree with the District Court that 210 months is "sufficient, but not greater than necessary, to comply with the purposes set forth in" Section 3553(a)(2).

4

## CONCLUSION

We have reviewed all of the arguments raised by Clinton on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 9, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk