United States of America v. Thomas Hoey, Jr.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of August two thousand twenty-one.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             DENNY CHIN,
                       *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                       *Appellee*,

             v.                                                    19-2353

THOMAS HOEY, JR.,

                       *Defendant-Appellant*.

_____

Appearing for Appellant:     Lawrence D. Gerzog, New York, N.Y.

Appearing for Appellee:      Kristy J. Greenberg, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Thomas Hoey, Jr., appeals from the July 25, 2019 amended judgment of conviction in the United States District Court for the Southern District of New York (Engelmayer, *J.*), arguing that his principal sentence of 78 months' imprisonment was unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A jury convicted Hoey of embezzlement from an employee benefit plan, 18 U.S.C. § 664 (Count One); interstate transportation of stolen money, *id.* §§ 2314, 2 (Count Two); wire fraud, *id.* §§ 1343, 2 (Count Three); and money laundering, *id.* §§ 1957, 2 (Count Four). We affirmed those convictions and the district court's $650,936.20 restitution order. *United States v. Hoey*, 725 F. App'x 58, 59-62 (2d Cir. 2018). However, with the government's consent, we remanded for resentencing because, after the district court sentenced Hoey, a New York state appeals court reversed Hoey's conviction for assault in the third degree, which reduced the criminal history score and category used to calculate Hoey's original sentence. *Id.* at 62-63, n.2. At resentencing, the district court reduced Hoey's original sentence of 84 months' imprisonment by 6 months to a total of 78 months' imprisonment, 66 of which are to run consecutively to a separate sentence imposed in another federal criminal case. Hoey appeals from this amended sentence.

Our review of a district court's sentencing decision involves "two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). "A district court commits procedural error where it fails to calculate the [Sentencing] Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (citations omitted). If a defendant does not challenge the procedural reasonableness of the sentence in district court, we review the challenge on appeal for plain error. *United States v. Villafuerte*, 502 F.3d 204, 208-09 (2d Cir. 2007) ("To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights."). Substantive review considers "the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *Id.* at 206. In so doing, we reverse only if "the district court's decision cannot be located within the range of permissible decisions or is based on a legal error or clearly erroneous factual finding." *Id.* (internal quotation marks omitted).

On appeal, Hoey does not argue that the district court incorrectly calculated the Guidelines range, construed the Guidelines as mandatory, or failed to consider the Section 3553(a) factors. Instead, Hoey argues that the district court improperly resentenced him on an incomplete record—specifically, as to the source and circumstances of $110,000 in recently paid restitution—and used an incorrect legal standard when it considered whether Hoey's rehabilitation efforts were sufficiently "extraordinary" to lessen his sentence. Appellant's Br. at 20. Neither argument prevails.

Because counsel raised no procedural objections before the district court, we use the plain error standard to determine procedural reasonableness. It was not plain error for the district court to deny counsel's purported request for another continuance and sentence Hoey on the record

before it. The court had already granted a seven-week adjournment to afford Hoey's retained counsel time to assist with restitution. Despite the adjournment, at resentencing, counsel was unable to provide details on how Hoey obtained the $110,000 that he contributed to his restitution obligations. Denying yet another adjournment was not plain error. *See United States v. Carroll*, 510 F.2d 507, 510 (2d Cir. 1975) ("A decision to grant or deny a continuance is a matter within the sound discretion of the trial judge; the sole requirement imposed is that the decision be reasonable."). Moreover, counsel confirmed the district court's understanding that the money was an advance of funds that Hoey anticipated in ongoing civil litigations. Hoey does not argue on appeal that this understanding was inaccurate. Thus, proceeding with resentencing under these circumstances was not error. In any event, the court acknowledged that, regardless of the source of the money, it was "great" that Hoey had taken steps to satisfy the restitution order, App'x at 78, but ultimately was "nothing more than effectively an advance of monies" pursuant to a court order of restitution that had already been affirmed by this Circuit, App'x at 108; *see Hoey*, 725 F. App'x at 62.

The district court also did not commit plain error in evaluating Hoey's rehabilitation efforts. Although the court commended Hoey for using prison time constructively, it found that this did little to outweigh the severity of his theft. In so doing, it did not use the word "extraordinary" as a legal requirement, but rather explained that Hoey's rehabilitation efforts were not so remarkable that they altered the court's original balancing of the Section 3553(a) factors. App'x at 105. Accordingly, there was no procedural error.

The district court's within-Guidelines sentence was also substantively reasonable. Although "we do not presume that a Guidelines-range sentence is reasonable," *Cavera*, 550 F.3d at 190, "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable," *United States v. Alcius*, 952 F.3d 83, 88 (2d Cir. 2020) (internal quotation marks omitted). Hoey presents no arguments as to why a 78-month term was unreasonable given the gravity of his crimes. Moreover, the appropriate weight of each factor and their ultimate balance are "matter[s] firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citation omitted). Because "the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight . . . that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009) (internal quotation marks omitted).

We have considered the remainder of Hoey's arguments, including those in his pro se supplemental briefs, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3