21-132-cr
*United States of America v. Dore*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-two.

PRESENT:     José A. Cabranes,
             Gerard E. Lynch,
             Denny Chin,
                      *Circuit Judges.*

_____

United States of America,

             *Appellee,*                                        21-132-cr

      v.

Jermaine Dore, AKA sealed defendant 2, AKA
St. Kitts, AKA Blaqs,

             *Defendant-Appellant,*

Fahd Hussain, AKA sealed Defendant 1, AKA
Ali, AKA Moe, Dwayne Barrett, AKA Sealed
Defendant 3, AKA Tall Man, Taijay Todd,
AKA Sealed Defendant 4, AKA Biggs,
Tameshwar Singh, AKA Sealed Defendant 5,
AKA Jerry, Shea Douglas, Damian
Cunningham, AKA Sealed Defendant 1, AKA
Jaba,
             *Defendants.*

_____

1

**FOR APPELLEE:**                                    Michael D. Maimin, Won S. Shin,
                                                      Assistant United States Attorneys, *for*
                                                      Audrey Strauss, United States Attorney,
                                                      Southern District of New York, New
                                                      York, NY.

**FOR DEFENDANT-APPELLANT:**                          Jonathan I. Edelstein, Edelstein &
                                                      Grossman, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 19, 2021 judgment of the District Court be and hereby is **AFFIRMED.**

In March 2013, Jermaine Dore ("Dore") was convicted of various counts of conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951), Hobbs Act robbery (18 U.S.C. § 1951), carrying and using a firearm causing death (18 U.S.C. §§ 924(j)(1) and (2)), and carrying and using a firearm in relation to a crime of violence (18 U.S.C. §§ 924(c)(1)(a)(i), (ii), and (iii)). The charges were based on a string of robberies carried out in the Bronx and Westchester between 2010 and 2012, including robberies in which the victims were violently assaulted, and one in which Dore shot and killed the victim. The District Court sentenced Dore to a total of 65 years of incarceration.[2]

In 2019, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), the so-called "residual clause" defining a "crime of violence," was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).[3] We then held that Hobbs Act robbery conspiracy is not a crime of violence under § 924(c). *United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019). Based on this, the

---

[1] Judge Sullivan, a circuit judge, was the trial judge in this case and sat by designation for the resentencing.

[2] Dore appealed his conviction, and we affirmed. *United States v. Dore*, 586 F. App'x 42, 46 (2d Cir. 2014) (summary order), *cert. denied,* 574 U.S. 1002 (2014).

[3] The *Davis* court also considered the appeal of Dore's co-defendant, Dwayne Barrett. Referencing Barrett and Dore's actions specifically, the *Davis* dissenters worried that "[m]any offenders who have already committed violent crimes with firearms—and who have already been convicted under § 924(c)—may be released early from prison." *Davis*, 139 S. Ct. at 2354 (Kavanaugh, *J.*, dissenting). The majority pointed out that (as has now happened here) "when a defendant's § 924(c) conviction is invalidated," and counts of his sentence vacated, "the district court may increase the sentences for any remaining counts if such an increase is warranted." *Id.* at 2336 (internal quotation marks omitted).

government consented to vacatur and resentencing based on Dore's count of conviction under 18 U.S.C. § 924(c) that was predicated on the Hobbs Act robbery conspiracy count.[4] In January 2021, the District Court resentenced Dore to 65 years of incarceration, and Dore appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We review the substantive reasonableness of a sentence imposed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Our review is "particularly deferential," and we will not "substitut[e] our own judgment for that of district courts." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We set aside a district court's sentence as substantively unreasonable only where it would "damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Dore does not nearly meet that standard. In imposing its sentence, the District Court noted that several of the factors that had contributed to its original 65-year sentence had "not changed much," such as "the brutality of the crimes," "the need for a general deterrence," and "the need for a just punishment based on the seriousness of the crimes." App'x 276. In focusing on "what [Dore has] done in that time" since the original sentencing, the District Court credited Dore with "working" and "taking courses," but noted that these positives were "sort of then counterbalanced with violations" in prison. App'x 277. The District Court ultimately concluded that "not that much" was "different today than before" and that it therefore "just [did]n't see enough reason to impose a different sentence" and saw "a lot of reasons to impose the same sentence." App'x 278.

None of this was an abuse of discretion or led to a sentence that was "shockingly high." Indeed, Dore's 65-year sentence was well below the advisory Guidelines sentence of life imprisonment. App'x 244; *see United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) ("While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is

---

[4] Dore was convicted of three counts in violation of 18 U.S.C. § 924(c), but only one of those counts, "Count 2" of the indictment, was predicated on Hobbs Act robbery conspiracy and therefore dismissed at resentencing. *See* App'x 111; *Barrett*, 937 F.3d at 128.

The parties disagreed at resentencing about the impact of the First Step Act's so-called "anti-stacking" provision on the minimum sentences for the remaining § 924(c) counts. App'x 253-260; *see* First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221-22 (2018). However, because the District Court did not impose a minimum sentence, the First Step Act issue is irrelevant on this appeal and the parties do not contest it. We therefore express no opinion as to the correctness of District Court's conclusion on that issue.

warranted in the overwhelming majority of cases and thus especially when, as here, a defendant challenges a below-Guidelines sentence.").

We reject Dore's suggestion that we remand the case for the District Court to advise whether its conclusions would be affected by the data regarding life expectancies cited in his brief that he did not present to the District Court, or by the reduced sentence later imposed on his co-defendant Barrett. We have rejected the claim that a sentence of comparable length to Dore's was "unreasonable because it result[ed] in a de facto life sentence." *United States v. Brown*, 843 F.3d 74, 82-84 (2d Cir. 2016) (en banc). Dore argues that when the District Court originally imposed the 65-year sentence, it expressly stated that it did not want to impose a life sentence, and therefore must have misapprehended the likelihood that Dore would live long enough to complete his term. But the District Court emphasized that in view of the seriousness of Dore's crimes, a sentence "not much less" than life would be appropriate, expressly stated its awareness that the sentence "may be a life sentence ultimately," and noted that certain conditions of supervised release would be imposed "*if* [Dore] live[s] long enough to be released." App'x 84-85, 87 (emphasis added). There is a significant difference between a term of years that "may" turn out to be a life sentence, and the non-parolable life sentence recommended by the Guidelines. As for the lower sentence imposed on Barrett, there is no need to ask the District Court to consider the differences between the two defendants, because at Barrett's resentencing the District Court specifically addressed the significant distinctions it saw between Barrett's situation and Dore's. *See United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) (rejecting a defendant's claim that a disparity with a co-defendant's sentence demonstrated substantive unreasonableness, because the co-defendant was "not similarly situated at the time of sentencing").

**CONCLUSION**

We have reviewed all of the arguments raised by Dore on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 19, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4