21-2820-cr
*United States v. Ahmed*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-three.

PRESENT:  GUIDO CALABRESI,
          DENNY CHIN,
          JOSEPH F. BIANCO,
                  *Circuit Judges*.

_____

United States of America,

    *Appellee*,

  v.                 21-2820-cr

Munif Ahmed,

    *Defendant-Appellant*.*

_____

FOR APPELLEE:       Robert B. Sobelman, Assistant United States Attorney (Mollie Bracewell, Danielle R. Sassoon, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:   Evans D. Prieston, Long Island City, NY.

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Munif Ahmed appeals from a judgment of conviction, entered on November 9, 2021, following a guilty plea, of conspiring to unlawfully distribute a controlled substance and a controlled substance analogue in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Ahmed was the leader of a conspiracy that manufactured and sold smokeable synthetic cannabinoids ("SSC"). The district court principally sentenced Ahmed to 80 months' imprisonment, which was substantially below the applicable 240-month sentence calculated under the United States Sentencing Guidelines (the "Guidelines").[1] On appeal, Ahmed contends that his sentence was procedurally and substantively unreasonable because it was disproportionately long as compared to his co-conspirator Redhwan Alzanam, who had received a term of imprisonment of one year and one day from a different sentencing judge. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This Court "review[s] the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous

---

[1] Under the Guidelines, Ahmed had an offense level of 40 with a Criminal History Category I, which ordinarily would result in an advisory Guidelines range of 292 to 365 months' imprisonment. However, because the statutory authorized maximum sentence for his one count of conviction was 20 years' imprisonment, his applicable Guidelines sentence was 240 months' imprisonment.

facts, or fails adequately to explain the chosen sentence." *United States v. Jesurum*, 819 F.3d 667, 670 (2d Cir. 2016) (emphasis omitted) (internal quotation marks and citation omitted). This Court's "review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and citation omitted). Under this standard, we have emphasized that, because "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," it is "difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks and citation omitted).

## I.     Procedural Reasonableness

One of the sentencing factors that the district court must consider under 18 U.S.C. § 3553(a) is the need to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). Ahmed argues that the district court failed to consider this factor at his sentencing in relation to the substantially lower sentence his co-conspirator Alzanam received. We disagree.

As a threshold matter, this procedural "argument is a nonstarter" because "[w]e have repeatedly made clear that [S]ection 3553(a)(6) requires a district court to consider *nationwide* sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (internal quotation marks and citation omitted). Thus, although a district court may consider the sentences of co-defendants or co-conspirators under Section 3553(a)(6), *United States v. Frias*, 521 F.3d 229, 236 n.8 (2d Cir.

3

2008), there is no procedural error in failing to do so or in not explaining any such disparity, *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) ("[T]here is no requirement that a district court consider or explain sentencing disparities among codefendants."). In any event, at Ahmed's sentencing, the district court did expressly consider and discuss the sentencing disparity factor, including Alzanam's sentence. In particular, the district court engaged the parties in a substantial discussion about whether Alzanam was a fair comparator to Ahmed, noted the Section 3553(a)(6) factor, and referenced that "the defense has recommended a sentence of one year and one day or something somewhat more than that to distinguish Mr. Ahmed from Mr. Alzanam." App. at 69. Moreover, in imposing the sentence, the district court specifically stated that it did not "fully accept certain of the statements today made by Mr. Ahmed about his equality with Mr. Alzanam or other members of the conspiracy," and then explained why they were not similarly situated. *Id*. at 70.

Accordingly, the district court committed no procedural error in its consideration of the Section 3553(a)(6) sentencing factor.

## II.     Substantive Reasonableness

Ahmed also argues that, although he "might indeed be the 'leader' and 'financier' of the [drug] operation," Appellant's Br. at 15, his 80-month sentence was substantively unreasonable when compared to Alzanam's sentence and that he should have received a sentence of no greater than 60 months' imprisonment.[2] We find this argument similarly unpersuasive.

We have explained that "a disparity between *non-similarly situated* codefendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)." *United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006). Here, the district court acted well within its discretion in concluding

---

[2]  Ahmed suggests that the government proposed a sentence of 60 months' imprisonment. However, the government argued for a term of imprisonment of "*at least* 60 months." App. at 148 (emphasis added); *see also id*. at 44 (the government explaining, at sentencing, that it viewed "60 months as a floor"). The U.S. Probation Department recommended a sentence of 180 months' imprisonment.

that Ahmed was not similarly situated to Alzanam. First, as the district court outlined and as supported by the uncontroverted facts in the Pre-Sentence Report, Ahmed played a leadership role in the conspiracy involving the distribution in the United States of at least 250 kilograms of SSC from China including by, among other things: (1) funding the SSC operation; (2) dealing with the suppliers of the synthetic cannabinoid chemicals in China; (3) obtaining the apartment where the SSC was manufactured and packaged, as well as the storage unit where the substantial SSC inventory was stored; and (4) directing the activities of the three co-conspirators, including Alzanam. Thus, Alzanam had a substantially lower applicable Guidelines range of 108 to 135 months' imprisonment when compared to Ahmed's 240-month applicable sentence. Second, as the government advised the district court, Alzanam "tried to cooperate with the Government" and "was truthful and provided assistance," even though he did not receive a letter under U.S.S.G. § 5K1.1 because of an arrest while on bail. App. at 147; *cf. Fernandez*, 443 F.3d at 33 (holding that the sentencing judge may consider attempted cooperation under the Section 3553(a) factors). By contrast, as the district court discussed at sentencing, Ahmed pled guilty mid-trial. *See* App. at 70 ("[I]t is significant to me that Mr. Ahmed went to trial, although he pleaded guilty in the middle of it. And while I am giving him credit for acceptance, I am saying nonetheless that he is different from some of my other defendants who accepted very, very early on.").[3] In sum, there is nothing about the district court's comparison of the relevant circumstances between Alzanam and Ahmed that undermines the substantive reasonableness of its 80-month sentence in this case.[4]

---

[3] At Ahmed's sentencing, the government also noted that Alzanam was substantially younger than Ahmed. Alzanam was 22-years-old at the time of his own sentencing in November 2020, while Ahmed began his involvement in the instant offense at age 30. The judge at Alzanam's sentencing emphasized that his young age was a principal reason for his relatively more lenient sentence.

[4] Ahmed suggests that the district court incrementally increased his term of imprisonment from 60 months to 80 months because of Ahmed's statements during the sentencing in which he asserted he was less

Moreover, sentencing disparities under the Section 3553(a)(6) factor was only one of the Section 3553(a) factors that had to be weighed and balanced by the district court. *See United States v. Florez*, 447 F.3d 145, 157–58 (2d Cir. 2006) ("Precisely because § 3553(a)(6) is only one of several factors that must be weighted and balanced by the sentencing judge, a district court's identification of disparity does not necessarily require it to adjust a sentence downward from the advisory guidelines range in order for that sentence to be reasonable, much less compel any particular reduction." (internal quotation marks and citations omitted)). The district court explained that, in addition to "concern[] about prevention of unwarranted sentencing disparities," it was concerned in this case about "deterrence, both specific and general," as well as "promoting respect for the law and providing a just punishment for the offense." App. at 71. The district court also noted that it was weighing Ahmed's mitigating factors including: "[that] this is his first offense; that he has a family; that he has tremendous community support, as evidenced by the many folks in the courtroom today; [and] that he has a history of both legitimate employment and service to his family and community." *Id.*

In light of all of the Section 3553(a) factors, the 80-month sentence imposed by the district court, which was 160 months *below* the applicable Guidelines sentence, was not "shockingly high," *Muzio*, 966 F.3d at 64, but rather was "within the range of permissible decisions" based on the facts presented at sentencing, *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks and citation omitted); *see also Florez*, 447 F.3d at 158 ("[I]f sentencing disparities between co-defendants are properly considered, the weight to be given such disparities, like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the

culpable than Alzanam. However, Ahmed points to nothing in the record to support that suggestion and our independent review also found no support for that claim. Instead, it is clear from the record that the 80-month sentence was based on the district court's comprehensive balancing of the applicable Section 3553(a) factors.

sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." (alteration in the original) (internal quotation and citation marks omitted)). Therefore, we conclude that the sentence was substantively reasonable.

*       *       *

We have considered Ahmed's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court