22-433-cr
United States v. Woodberry

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-three.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                  No. 22-433-cr

GEROD WOODBERRY,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., New York, NY

FOR APPELLEE: ANNA L. KARAMIGIOS, Assistant United States Attorney (Saritha Komatireddy, Devon Lash, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Gerod Woodberry appeals from a March 1, 2022 judgment of the United States District Court for the Eastern District of New York (Irizarry, J.), following his guilty plea, convicting him of three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and sentencing him principally to a term of imprisonment of 120 months. Woodberry argues that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and

2

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Woodberry's plea agreement included a Guidelines estimate of 63 to 78 months' imprisonment. At sentencing, Woodberry and the Government agreed that the correct Guidelines range was in fact 151 to 188 months' imprisonment. Nevertheless, Woodberry argued for a sentence below the range set forth in the plea agreement, while the Government urged a sentence within it. Rejecting both arguments, the District Court instead imposed a sentence of 120 months' imprisonment.

Woodberry contends that his sentence is procedurally unreasonable because the District Court misapprehended its ability to "depart from a Guidelines sentence in order to give effect to a plea bargain if such a departure is warranted." Appellant's Br. 20 (quoting United States v. Fernandez, 877 F.2d 1138, 1145 (2d Cir. 1989)). "We review a sentence for procedural . . . reasonableness under a 'deferential abuse-of-discretion standard.'" United States v. Thavaraja, 740 F.3d 253, 258 (2d Cir. 2014) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). "A sentence is procedurally unreasonable if the district

court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Singh, 877 F.3d 107, 115 (2d Cir. 2017) (quotation marks omitted). "[A] district court's decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so." United States v. Robinson, 799 F.3d 196, 201 (2d Cir. 2015). If a defendant argues that a sentence is procedurally unreasonable because there was such a misunderstanding, the "defendant must point to clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." United States v. Scott, 387 F.3d 139, 143 (2d Cir. 2004) (quotation marks omitted).

Keeping these principles in mind, we conclude that Woodberry's sentence is not procedurally unreasonable. Woodberry identifies certain statements which he claims indicate that the District Court did not believe that it could sentence in the range set forth in his plea agreement with the government. In particular, he points to the District Court's statement that "[t]he government is

4

recommending 78 months because you want to stick to the plea agreement, and I still don't understand that argument."   App'x 116.   Woodberry reads too much into this statement and the others he identifies.   The District Court did not expressly reference its authority to depart or vary from what the parties agree is the correct Guidelines range of 151 to 188 months in order to give effect to the parties' plea agreement.   But it did not need to do so at sentencing.   "[S]ilence concerning its refusal to depart [or vary] downward, generally, does not support an inference that the district court misapprehended its scope of authority."   Id. And the District Court indicated more than once that it knew it could, but did not need to, impose a sentence within the Guidelines range that was set forth in the plea agreement.   On this record, we see no "substantial indication" that the District Court misunderstood its legal authority.   United States v. Jackson, 658 F.3d 145, 153 (2d Cir. 2011).   The sentence is thus procedurally reasonable.

We turn next to Woodberry's argument that his sentence is substantively unreasonable.   We review for abuse of discretion, with "due respect for the sentencing court's very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime."   Singh, 877 F.3d at 115

5

(quotation marks omitted). A sentence is substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." Thavaraja, 740 F.3d at 259 (quotation marks omitted). "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. It is therefore difficult to find that a below-Guidelines sentence is unreasonable." United States v. Alcius, 952 F.3d 83, 88–89 (2d Cir. 2020) (cleaned up).

Here, Woodberry points to various mitigating factors that he argues should have resulted in a substantially lower sentence. After granting "a modest downward variance . . . given the exceptional harshness of custodial conditions during the COVID pandemic," App'x 117, the District Court declined to vary further because it determined that the mitigating factors in Woodberry's favor were offset by several aggravating factors. That decision was within the District Court's discretion. See United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012). Under these circumstances, we cannot say that the final sentence was "shockingly high." Thavaraja, 740 F.3d at 259; see Alcius, 952 F.3d at 88–89.

6

Finally, Woodberry points to disparities between his sentence and those imposed on other defendants whom he claims are similarly situated. In our view, the District Court adequately addressed that argument and distinguished those defendants from Woodberry.

We have considered Woodberry's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court