United States v. Eley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-five.

PRESENT: BARRINGTON D. PARKER, JR.,
JOSEPH F. BIANCO
WILLIAM J. NARDINI
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                             No. 23-7703-cr

STEFVON ELEY,

     *Defendant-Appellant.**

-----------------------------------------------------------------

_____

* The Clerk of Court is respectfully directed to amend the case caption as indicated above.

1

FOR DEFENDANT-APPELLANT:        DAVID K. BERTAN, New York, NY

FOR APPELLEE:        ANDREW K. CHAN, EMILY A. JOHNSON, JUSTIN V. RODRIGUEZ, *on behalf of the* United States Attorney for the Southern District of New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Stefvon Eley appeals from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*). The Court entered Eley's guilty plea and sentenced him to 180 months' imprisonment. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the issues on appeal.

Eley was part of a gang known as the Monroe Houses Crew. In June 2017, Eley shot and seriously injured a member of the gang. Then, in May 2018, Eley participated in a drive-by shooting against rival gang members, during which he fired at least four shots.

Following his arrest and prosecution, Eley pleaded guilty to two counts of using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). As reflected in the Plea Agreement, Eley and the government agreed that the

2

applicable Guideline sentence was 144 months, but both parties reserved the right to seek a sentence other than the stipulated Guideline sentence. At sentencing, the government argued for a sentence of 180 months and Eley argued for a sentence of 144 months. The Court imposed a sentence of 180 months, which Eley contends on appeal was substantively unreasonable.

"A sentence is substantively unreasonable if it cannot be located within the range of permissible decisions, if it shocks the conscience, or if it constitutes a manifest injustice." *United States v. Williams*, 998 F.3d 538, 542 (2d Cir. 2021). Appellate review for substantive reasonableness is "particularly deferential," *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012), and merely "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Substantive reasonableness is reviewed on an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 45 (2007).

Eley argues that his sentence was substantively unreasonable because the District Court imposed an above-Guidelines sentence of 180 months. We disagree. We affirm above-guidelines sentences as substantively reasonable where the sentencing court has examined each of the Section 3553(a) factors and explained why it concluded that an upward variance was warranted, provided the sentence can "be located within the range

3

of permissible decisions." *See, e.g., United States v. Cavera*, 550 F.3d 180, 186, 190-91 (2d Cir. 2008) (en banc). Here, Judge Torres examined each of the Section 3553(a) factors and concluded that the seriousness of the crimes Eley committed and need for greater deterrence "justif[ied] an upward variance from the guidelines level." She noted that Eley's criminal record evinced a "continuing pattern of violence, even while detained and awaiting sentence" and consisted of ten disciplinary infractions while incarcerated, including infractions for "fighting and threatening bodily harm." She further noted that based on the shootings that gave rise to his current charges, he was now before the Court on his third round of criminal convictions; and one of his previous two convictions was for a violent crime. Eley contends that Judge Torres weighed the seriousness of his crime and his criminal history too heavily, but the "particular weight to be afforded aggravating or mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289. Thus, we "will not second guess the weight (or lack thereof) that [the Sentencing Court] accorded" to these factors. *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009).

Eley argues further that the sentence imposed was substantively unreasonable because it was significantly longer than sentences received by his co-defendants, like Nyshiem Spencer (120 months' imprisonment), Jonell Danforth (34 months' imprisonment), and Elijah Burt (20 months' imprisonment). We disagree. Our Circuit has repeatedly made clear that there is no requirement that a district court "consider or

4

explain sentencing disparities among codefendants." *United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) (per curiam); *see also United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013) (this Court has "repeatedly made clear that section 3553(a)(6) requires a district court to consider nationwide sentencing disparities, but does not require a district court to consider disparities between co-defendants"). We therefore conclude that Eley has failed to meet his burden of showing that the sentence he received was so "shockingly high . . . or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289.

Finally, in a supplemental letter brief, Eley argues that his guilty plea was procured involuntarily and should be vacated because he believed that the government had agreed to a 144-month sentence, *not* merely that they agreed to a Guidelines calculation of 144 months. This contention is contradicted by the Plea Agreement, which permitted either party to "seek a sentence outside of the Stipulated Guidelines Sentence" based on the Section 3553(a) factors. Eley allocuted that he read and discussed the Plea Agreement with his attorney. Moreover, during his plea allocution, Judge Torres clarified that "this agreement does not bind [the District Court] in any way," and that she was required to impose a sentence she believed to be appropriate "even if that sentence [was] different from the one in this agreement."

In any event, Eley waived this argument. *See United States v. Spruill*, 808 F.3d 585, 596-97 (2d Cir. 2015). After the government advocated for a 180-month sentence and

5

prior to the imposition of the sentence, the District Court asked Eley whether he wished to withdraw his guilty plea. Eley and his counsel stated that Eley did not wish to withdraw his plea, and, instead, wished to proceed to sentencing because "I know for a fact that they are willing to take me to trial, and I don't want to go to trial." Accordingly, we decline to vacate Eley's guilty plea.

We have considered Eley's remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

6