15-3691-cr
*United States v. Latulas*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                   *Circuit Judges,*
          VICTOR MARRERO,
                   *District Judge.**

---

UNITED STATES OF AMERICA,

         *Appellee,*                15-3691-cr

         v.

YARBROUGH LATULAS,

         *Defendant-Appellant.*

---

FOR APPELLEE:                      Paul D. Silver, Assistant United States Attorney (Ransom P. Reynolds and Nicholas Commandeur, Assistant United States Attorneys, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the

---

\* Victor Marrero, Judge of the United States District Court for the Southern District of New York, sitting by designation.

Northern District of New York, Albany, NY.

FOR DEFENDANT-APPELLANT:                    Jarrod W. Smith, Jordan, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 10, 2015 judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-appellant Yarbrough Latulas appeals from a judgment of conviction entered on November 10, 2015, following a jury trial. The jury convicted Latulas of: (1) conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a); (2) interfering with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and (3) using, carrying, or brandishing a firearm, specifically a short-barreled shotgun, during and in relation to a conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (B)(i). The District Court sentenced Latulas to 216 months' imprisonment.

Latulas asserts three arguments on appeal. First, he contends that the District Court erred in denying his motion for a mistrial following an improper courtroom identification of Latulas by a government witness. Second, he argues that the District Court erred in denying his motion for a judgment of acquittal, *see* Fed. R. Crim. P. 29, because there was insufficient evidence of his guilt. Third, he contends that the government improperly withheld *Brady* material. *See United States v. Mahaffy*, 693 F.3d 113, 127 (2d Cir. 2012) (explaining that the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), "requires that the government disclose material evidence favorable to a criminal defendant"). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## 1. Motion for a Mistrial

We review an order denying a motion for a mistrial for abuse of discretion. *United States v. Yannai*, 791 F.3d 226, 242 (2d Cir. 2015). A district court errs if "(1) it relies on an erroneous view of the law, (2) its decision rests on a clearly erroneous finding of fact, or (3) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* The District Court did not err in denying Latulas's motion for a mistrial.

At trial, Ward Thompson, a government witness who was working at the Sunoco gas station when it was robbed, stated, without being asked, that Latulas was one of the individuals involved in the robbery. Defense counsel objected, and the District Court sustained the objection, on the

ground that Thompson's identification was not based on personal knowledge. The government agreed with the objection and the District Court struck the testimony from the record. The next day, defense counsel moved for a mistrial on the basis of the improper identification and the District Court denied the motion. It concluded, in sum and substance, that it was clear from the direct and cross examinations of Thompson that he was not in a position to identify either of the perpetrators, a point which defense counsel could emphasize on summation. The District Court also instructed the jury that it may not consider any of the testimony that the court struck from the record.

Because the jury is presumed to have followed the District Court's instructions, *see United States v. Agrawal*, 726 F.3d 235, 258 (2d Cir. 2013), and because there was strong evidence of Latulas's guilt apart from the improper identification, including an accomplice identifying Latulas as being involved in the robbery, Latulas's possession of fruits of the robbery, and two witnesses identifying Latulas on the gas station surveillance video based on his appearance and gait, we conclude that the District Court did not err in denying Latulas's motion for a mistrial.

### 2. Motion for a Judgment of Acquittal

Latulas moved for a judgment of acquittal in the District Court based on a claim that there was insufficient evidence of his guilt presented at trial. We review *de novo* a challenge to the sufficiency of the evidence and "will uphold a conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rosemond*, 841 F.3d 95, 113 (2d Cir. 2016) (internal quotation marks omitted). In conducting this review, "we must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (internal quotation marks omitted). Latulas "bears a heavy burden in seeking to overturn [his] conviction on grounds that the evidence was insufficient." *Id.*

As described above, there was sufficient evidence that Latulas was guilty of the crimes for which he was convicted. Latulas's arguments explaining why there was insufficient evidence, including that one eyewitness's description of the perpetrator's height was two inches less than Latulas's actual height, do not support a conclusion that no rational trier of fact could have found beyond a reasonable doubt that Latulas participated in the robbery. *See id.* Accordingly, we conclude that the District Court was correct in denying Latulas's motion for a judgment of acquittal.

### 3. *Brady* Challenge

The Supreme Court's decision in *Brady* requires the government to disclose evidence to the defendant that is "either exculpatory or impeaching . . . if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Rowland*, 826 F.3d 100, 111 (2d Cir. 2016). A defendant is not required to "show that

3

the suppressed evidence would have resulted in an acquittal." *Id.* "When reviewing alleged *Brady* violations, we examine the record *de novo* to determine whether the information in question is material as a matter of law." *Mahaffy*, 693 F.3d at 127.

Latulas asserts for the first time on appeal that the government violated its *Brady* obligations by failing to disclose photographs taken from his Facebook page showing him holding firearms. The government showed Latulas these photographs at trial in response to his testimony that he could not have committed the crimes charged because he did not like guns.[1] The photographs in question do not qualify as *Brady* material because they were not favorable to Latulas: they were neither exculpatory nor capable of being used by Latulas to impeach a government witness. *See United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002) ("Evidence is favorable to the accused if it either tends to show that the accused is not guilty or if it impeaches a government witness."). Accordingly, Latulas fails to demonstrate that a *Brady* violation occurred.

## CONCLUSION

We have considered all of the arguments raised by Latulas on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 10, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The District Court did not receive the photographs in evidence and the government did not publish them to the jury.

4