21-1792-cr
*United States v. Latulas*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
STEVEN J. MENASHI,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*                              21-1792-cr

v.

YARBROUGH LATULAS,

*Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:          Kimberly M. Zimmer, Zimmer Law Office, PLLC, Syracuse, NY.

FOR APPELLEE:          Carina H. Schoenberger, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

1

Appeal from an amended judgment of conviction for Defendant-Appellant Yarbrough Latulas, entered on July 15, 2021, in the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Yarbrough Latulas ("Latulas") appeals from an amended judgment of conviction in which he was sentenced to 200 months of imprisonment for a Hobbs Act robbery and conspiracy to commit a Hobbs Act robbery. Latulas challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On April 1, 2015, a federal grand jury returned a superseding indictment charging Latulas in Count One with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2(a) (conspiracy to commit Hobbs Act robbery); in Count Two with interference with interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2(a) (Hobbs Act robbery); and in Count Three with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2(a), where the crime of violence was specified as "conspiracy to interfere with interstate commerce by robbery." Following a five-day trial, a jury found Latulas guilty on all three counts and the District Court proceeded to sentence Latulas to a total term of imprisonment of 216 months.[1] On direct appeal, Latulas alleged discovery and trial errors and we affirmed the judgment of conviction in full. *See United States v. Latulas*, 683 F. App'x 51, 55 (2d Cir. 2017). Subsequently, in 2018, Latulas moved to vacate his sentence under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel, but the District Court denied the motion and declined to issue a certificate of appealability.

On December 4, 2019, we granted Latulas's motion to file a successive § 2255 motion on the basis of *United States v. Davis*, 139 S. Ct. 2319 (2019). Latulas then filed a § 2255 motion to vacate his § 924(c) conviction. The District Court granted the motion and ordered that Latulas "must now be sentenced *de novo*" on the two remaining counts of conviction. The District Court appointed counsel to represent Latulas on resentencing, the Probation Department updated its presentence investigation report, and the parties submitted sentencing memoranda.

---

[1] The sentence consisted of 96 months on Counts One and Two, to be served concurrently, and 120 months on Count Three, to be served consecutively to the other two terms.

At resentencing, the District Court stated that it had reviewed and considered the presentence investigation report ("PSR")[2] and its addenda, the parties' submissions, the Sentencing Guidelines manual, and the § 3553(a) factors in deciding to impose a sentence of 200 months on each count to run concurrently. *See* Joint App'x 186–87.

## I. LEGAL STANDARDS

"We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'"[3] We find a sentence to be procedurally unreasonable only where the district court "fails to calculate (or improperly calculates) the [U.S.] Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."[4]

We will vacate a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"[5] Generally, we find substantive unreasonableness only when a sentence is "'shockingly high, shockingly low, or otherwise' . . . would 'damage the administration of justice.'"[6] In reviewing a district court's decision to vary upward from the Guidelines, we need not determine whether each ground relied upon is itself an appropriate basis for the variance. Rather, we may uphold a district court's judgment against a substantive reasonableness challenge so long as at least one ground relied upon by the District Court provides an "independently sufficient justification for its variation from the Guidelines." *United States v. Cavera*, 550 F.3d 180, 196 (2d Cir. 2008) (en banc).[7]

---

[2] Latulas did not object to the findings of fact in the PSR. Joint App'x 161–62.

[3] *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

[4] *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (quoting *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012)).

[5] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

[6] *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

[7] *See Cavera*, 550 F.3d at 186, 197 (holding that "a sentence of twenty-four months' imprisonment—six months longer than the top end of the applicable Guidelines range" was "substantively reasonable"). In *Cavera*, the *en banc* court observed that it was "divided" on whether the district court "permissibly relied on a determination that trafficking guns into an urban area is likely to create more harm than the national average offense envisaged by the Guidelines." *Id.* at

## II. DISCUSSION

### A. Procedural Unreasonableness

Here, Latulas argues that the District Court procedurally erred because it: (1) "beg[an] its sentencing analysis with the original sentence imposed in 2015," which "was results-oriented"; (2) "disregarded the Sentencing Guidelines"; (3) "disregarded . . . the 18 U.S.C. § 3553(a) sentencing factors"; (4) "disregarded . . . the fact that Latulas'[s] conviction for violating 18 U.S.C. § 924(c) was vacated," Latulas Br. 17; (5) "improperly considered Latulas'[s] invocation of his right to a trial, right to testify at that trial, and right not to say anything to incriminate himself as aggravating factors," *id.* at 21; and (6) made "reference to the 'seriousness of [Latulas's] conduct' and 'this very violent criminal conduct'" that "is not supported by the record," *id.* at 22–23.

Latulas's first four arguments for procedural unreasonableness lack merit for the following reasons. The District Court adopted the factual findings of the PSR prepared after the vacatur of the § 924(c) count "without changes." *United States v. Latulas*, Am. J., No. 15-cr-00021 (GTS) (N.D.N.Y. July 19, 2021), ECF No. 121; Joint App'x 187. The Court also adopted the Guidelines calculations in the PSR's second addendum, finding that "the total offense level is 27, the criminal history category is V, and the guideline imprisonment range is 120 to 150 months."[8] Joint App'x 187. After the District Court's finding that the Guidelines range was 120 to 150 months, the Court explained that "an upward variance is warranted" to 200 months and cited the following two grounds: first, that "the new guideline range fails to adequately account for the seriousness of [the] offense, which remains unchanged despite *Davis*"; and second, that Latulas represents a "danger" to others and there is a "likelihood that [he] will commit further crimes" as underscored by his "complete lack of remorse and failure to accept any responsibility for [his] criminal conduct," his "lengthy and violent criminal record" dating to age 16 involving "both probation and parole violations," and his "threatening communications from jail by circumventing prison rules." *Id.*

The District Court recognized Latulas's post-conviction educational efforts, but ultimately found that the 200-month sentence was "necessary to promote respect for the law," to "afford adequate deterrence," and "to protect the public," *id.* at 188, which are among the § 3553(a) factors. Accordingly, the District Court began its analysis not with the original sentence imposed, but rather

---

186. However, the court found that it "need not resolve that disagreement . . . because the district court's second ground, that of deterrence, provides an independently sufficient justification for its variation from the Guidelines." *Id.*

[8] Latulas made no objections to the Guidelines calculation. Joint App'x 163.

with the Guidelines range that properly factored in vacatur of the § 924(c) count, and explained its reasons for an upward variance based upon consideration of the § 3553(a) factors.

Upon examination of the record, we conclude that Latulas's final two arguments for procedural unreasonableness are also unpersuasive. First, the record offers no basis to infer that the District Court improperly considered, as aggravating factors, Latulas's invocation of his right to a trial, his right to testify, or his right to remain silent. By contrast, the District Court was well within its discretion to consider Latulas's perjured testimony. *See* Joint App'x 185. Second, the PSR offers ample support for the District Court's comments on Latulas's criminal conduct.

### B. Substantive Unreasonableness

Latulas further argues that his sentence is substantively unreasonable for "many of the same reasons as discussed" in his brief's procedural unreasonableness section, because of the discrepancy in sentences between Latulas and his codefendants, Latulas Br. 26-28, and because "[t]he record lacks any basis for this substantial upward variance," *id.* at 26.

The first two arguments are easily disposed of. To the extent that we rejected each of Latulas's procedural unreasonableness arguments in our earlier analysis, we likewise reject them here. We also reject Latulas's argument that the sentence is substantively unreasonable because it deviates from the sentences imposed on his codefendants. *See United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) ("[T]here is no requirement that a district court consider or explain sentencing disparities among codefendants.").

Regarding the basis for the upward variance, we cannot conclude that Latulas's 200-month sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189. At the July 15, 2021, resentencing, the District Court explained how Latulas's recent conduct influenced its decision to vary upward from the Guidelines range. Prior to the resentencing, the Government submitted under seal twelve messages Latulas had sent through an unauthorized communication system that allowed Latulas to circumvent Bureau of Prison filters designed to allow the public to block unwanted inmate emails. Despite Latulas's repeated messages to a Government witness, he received no response. At resentencing, the Government also represented to the District Court its belief that Latulas had repeatedly called this witness despite receiving no answer.[9]

---

[9] At resentencing, the Government stated that the witness "continues to receive phone calls from the Montgomery County Jail. She has not answered any of those phone calls, but my understanding is she got phone calls within the last week clearly coming from the defendant." Joint App'x 169. The Government argued that "this fits the pattern the defendant had in his prior criminal history where one of his convictions is for violating an order of protection where he continued to reach out to one of his former paramours while he was in custody." *Id.*

With this information in hand, the District Court found that Latulas had "threaten[ed] this young lady, this witness, in March 2021, communicating just a few months ago, not back in 2015" at the time of trial. Joint App'x 184-85. Moreover, the District Court understood from the PSR that Latulas had previously engaged in acts of domestic violence and harassment. *See* PSR ¶¶ 38, 42, 43, 46, 54.

Having reviewed the March 2021 messages that were filed under seal, we find no basis to disturb these factual findings of the District Court with respect to the threatening nature of Latulas's messages. Our review suggests that the District Court did not err, much less clearly err, in characterizing Latulas's March 2021 messages to a Government witness from the 2015 trial as "threatening." Joint App'x 184–85. Even factoring in the mitigating circumstances—Latulas's coursework and his role as a chapel orderly, *see* PSR 27—we are satisfied that Latulas's threatening conduct on its own provides an "independently sufficient justification for [the] variation from the Guidelines" of 50 months, *Cavera*, 550 F.3d at 196, and we need not consider the other grounds that might alternatively support such an upward variance. On reviewing the record as a whole, we are unable to conclude that Latulas's sentence "cannot be located within the range of permissible decisions."[10]

### III. CONCLUSION

We have reviewed all of the remaining arguments raised by Latulas on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 15, 2021, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[10] *Cavera*, 550 F.3d at 189 (quoting *Rigas*, 490 F.3d at 238).

6