21-2142-cr
United States v. Thompson (Tucker)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.**

**PRESENT:**

> **JOHN M. WALKER, JR.,**
> **REENA RAGGI,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

————————————————————

**United States of America,**

> *Appellee,*

> **v.**                                                                                   **21-2142**

**John Thompson, AKA Ya Ya, Louis Camper, AKA Ghuneem Abdullah, Leroy Camper, Donald Gunter,**

> *Defendants,*

**William Tucker,**

> *Defendant-Appellant.*

————————————————————

1

**FOR DEFENDANT-APPELLANT:**     William Tucker, *pro se*, White Deer, PA.

**FOR APPELLEE:**     Matthew Weinberg, Danielle R. Sassoon, Assistant United States Attorneys, of counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Alison J. Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant William Tucker pled guilty in 2014 to one count of narcotics conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. The district court imposed a below-guidelines term of 176 months' incarceration. Tucker did not appeal. In April 2021, Tucker filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), requesting immediate release based on the risks presented by COVID-19 and evidence of his rehabilitation. The district court *sua sponte* appointed counsel to supplement Tucker's motion. On August 23, 2021, the district court issued an order granting Tucker's 18 U.S.C. § 3582(c)(1)(A) motion but granting him a one-year sentence reduction rather than his requested immediate release. *See United States v. Tucker*, No. 13-CR-378 (AJN), 2021 WL 3722750 (S.D.N.Y. Aug. 23, 2021). Tucker appeals this order *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the denial of a discretionary sentence reduction for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

Before a district court can reduce a term of imprisonment or release a defendant under 18 U.S.C. § 3582(c)(1)(A), it must (1) find that "extraordinary and compelling reasons warrant such a reduction" and (2) consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." The district court found that the risks presented by the COVID-19 pandemic, in combination with Tucker's medical conditions, constituted "extraordinary and compelling reasons" for a sentence reduction. *Tucker*, 2021 WL 3722750, at *2–3. As to the § 3553(a) factors, the district court repeated its view from Tucker's initial sentencing that the serious nature of Tucker's crime, viewed in light of his criminal history, warranted a substantial sentence. *Id.* at *3. Nevertheless, it concluded that some sentence reduction was appropriate to account for Tucker's commendable conduct while incarcerated, the unanticipated hardships of the pandemic, and a sentencing disparity that arose when the court resentenced Tucker's two codefendants to time served under § 3582(c)(1)(A). *Id.* at *3–4. The district court thus found that a one-year reduction to Tucker's sentence was warranted. *Id.* at *4.

The district court did not abuse its discretion in determining that the section 3553(a) factors weighed against a further reduction. Rather, the district court's discussion is supported by its analysis of such section 3553(a) factors as "the nature and circumstances of the offense and the

3

history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need for the sentence "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(A)–(C); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).

Contrary to Tucker's argument, the district court did not improperly rely on the policy statement in United States Sentencing Guidelines § 1B1.13 to deny further relief. The district court properly treated this policy statement as nonbinding guidance for its exercise of discretion, while explicitly acknowledging its authority to consider other potential grounds for finding "extraordinary and compelling reasons" for Tucker's release. *Tucker*, 2021 WL 3722750, at *2. But in any event, the guidance concerns what circumstances may be considered "extraordinary and compelling reasons" for a sentence reduction—and the district court *agreed* with Tucker that such reasons were present in this case. *Id.* at *2–3.

Tucker also argues that he should have been granted immediate release because he was in the same position as the two codefendants. The district court acknowledged that the codefendants had been convicted of the same offenses and that it viewed them as being more culpable of those offenses than Tucker. *Id.* at *4. But it also noted one respect in which they were not similarly situated, which Tucker has not refuted: Tucker had a more extensive criminal history. *Id.*; *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). In any event, we have "repeatedly made clear that section 3553(a)(6) requires a district court to

4

consider *nationwide* sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Bryant*, 976 F.3d 165, 180 (2d Cir. 2020) (quoting *United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013)); *see United States v. Alcius*, 952 F.3d 83, 89 (2d Cir. 2020) ("[T]here is no requirement that a district court consider or explain sentencing disparities among codefendants.").

To the extent that Tucker argues the district court should have placed greater weight on sentencing disparities, his medical conditions, evidence of rehabilitation, or any other factor favoring earlier release in the context of its § 3553(a) analysis, "[m]ere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (cleaned up). While the district court confined its discussion of Tucker's medical conditions to its finding of "extraordinary and compelling reasons," there is no basis to conclude that it failed to consider the full record before it when conducting the § 3553(a) analysis. *See id.* at 571 ("We cannot assume a failure of consideration simply because a district court failed to discuss a given factor." (cleaned up)).

Tucker otherwise argues, for the first time on appeal, that there are additional reasons to believe that COVID-19 presents a serious risk to his health and that the career offender guidelines that applied at his original sentencing are no longer applicable to him. It is, however, a "well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 118 (2d Cir. 2021) (internal quotation marks omitted). We see no reason to depart from that practice here.

The district court did not abuse its discretion in denying Tucker's motion for immediate release under 18 U.S.C. § 3582(c)(1)(A) and granting Tucker a one-year sentence reduction. We

have considered Tucker's remaining arguments and find them to be without merit. Accordingly,

we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6